KLEES, Judge.
This appeal follows from a decision of the district court affirming an order of the Louisiana State Board of Dentistry. In its order, the Board fined plaintiff a total of $1000.00 plus $250.00 in costs for several alleged violations of the Board’s regulations concerning advertising by dentists. Plaintiff sought review in the district court claiming that the advertising restrictions are unconstitutional. The court rejected this claim, which plaintiff now re-urges on appeal. We agree with the district court.
Plaintiff was charged with four specific violations of LSA-R.S. 37:775, which defines unprofessional conduct by a dentist. At the Board hearing, plaintiff admitted that his advertisements violated the statute, but claimed that the regulations were unconstitutional. Under the Administrative Procedures Act, we have the power to reverse the Board’s decision if it is “in violation of constitutional or statutory provisions.” LSA-R.S. 49:964(G)(1).
We find no merit in plaintiff’s assertion that the advertising regulations involved in this case pose an impermissible restraint on his First Amendment right of free speech. In Charge I, plaintiff was accused of violating R.S. 37:775(6), a prohibition against any advertisement in which the dentist mentions that he uses a particular anesthetic or drug in his treatment of patients. In this case, plaintiff’s newspaper ads indicated that “nitrous sedation” was used in his office. In Charge II, the Board objected to plaintiff’s use of the phrase “The Best in Care,” reasoning that it constituted a claim of “professional superiority over neighboring practitioners,” which is prohibited by R.S. 37:775(4). Thirdly, the Board charged that plaintiff violated R.S. 37:775(7), which prohibits the advertising of “any free dental services as an inducement to secure dental patronage”, by advertising a 10% discount or rebate on all dental services to those possessing a coupon. Finally, plaintiff was accused of violating R.S. 37:775(5), prohibiting “the publishing of reports of cases or testimonials of patients in any public advertising media.” With reference to this charge, plaintiff admitted to having used “before” and “after” photographs of patients as well as reports of specific cases in his advertisements.
After reviewing the law involving professional advertising and the First Amendment, we find that the restrictions complained of by plaintiff are constitutionally permissible. In Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 Ed.2d 810 (1977), the landmark case on this issue, the U.S. Supreme Court held that lawyers may constitutionally advertise the prices at which certain routine services áre performed. Despite plaintiff's contention, however, the Bates decision does not mandate reversal of the Board’s decision in this case. The Bates Court repeatedly emphasized the narrowness of its holding, stating “Because of the possibility ... that the differences among professions might bring different constitutional considerations into play, we specifically reserve judgment as to other professions.” 97 S.Ct. at 2700 (foot *142 note omitted). In addition, the Court noted:
In holding that advertising by attorneys may not be subjected to blanket suppression, and that the advertisement at issue is protected, we, of course, do not hold that advertising by attorneys may not be regulated in any way.

Advertising that is false, deceptive or misleading of course is subject to restraint. ... [Advertising claims as to the quality of services — a matter we do not address today — are not susceptible of measurement or verification; accordingly, such claims may be so likely to be misleading as to warrant restriction.
97 S.Ct. at 2708.
Relying on Bates, plaintiff argues that only advertising which is false, deceptive or misleading may be regulated. He further argues that because the Board failed to prove that his advertisements were either false, deceptive or misleading, it cannot constitutionally prohibit them. We disagree with plaintiffs interpretation of the law. Recently, in In Re: R.M.J. 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed. 64 (1982), the Supreme Court again considered the issue of State restrictions upon attorney advertising. Explaining Bates, the Court made it clear that its opinion in that case “did not by any means foreclose restrictions on potentially or demonstrably misleading advertising.” 102 S.Ct. at 937 (Emphasis added). Although the Court held that an attorney could constitutionally include in his advertisements certain types of formerly prohibited information, such as his areas of specialty, the Court concluded:
We emphasize, as we have throughout the opinion, that the States retain the authority to regulate advertising that is inherently misleading or that has proved to be misleading in practice. There may be other substantial state interests as well that will support carefully drawn restrictions.
102 S.Ct. at 939.
Thus, plaintiff’s contention that Bates and R.M.J. require that there be a specific determination that the particular advertisement under scrutiny is false or misleading before that advertisement can be restricted is clearly wrong. Rather, the Court has emphasized in both cases that types of advertising which are inherently misleading or likely to deceive can be restricted.
We conclude that appellant’s advertisements, that is, the claims of discount services and professional superiority and the individual case reports, were either inherently misleading or likely to deceive. Appellant’s claims of discount services did not state the non-discount price for the services, thus leaving the consumer with no way of determining if the discount was in fact a true discount.
Similarly, the phrase “the best of care” implies that appellant’s services were better than those of his fellow dentists. Considering the highly subjective nature of such a conclusion, the phrase must be considered to be inherently misleading.
It is also clear that individual case reports are misleading as they do not state all of the circumstances surrounding each individual case. The consumer, therefore, cannot make an accurate comparison between his own situation and that of the advertised cases. Therefore, the State may constitutionally prohibit these. Furthermore, we believe that the State may also prevent dentists from advertising particular anesthetics or drugs used by them. According to the Court in R.M.J., supra:
Even when a communication is not misleading, the State retains some authority to regulate. But the State must assert a substantial interest and the interference with speech must be in proportion to the interest served.
102 S.Ct. at 937 (Citations omitted). In this case, the State’s desire to regulate the distribution and usage of narcotics and sedatives is a compelling interest that justifies preventing dentists from advertising the use of such substances as an inducement to secure patronage.
In conclusion, we hold that the sanctions imposed on plaintiff by the Board of Den *143 tistry for plaintiffs violations of the statutory restrictions on dental advertising did not infringe upon plaintiffs constitutional rights. Accordingly, we affirm the judgment of the district court upholding the order of the Louisiana State Board of Dentistry. All costs to be borne by appellant.
AFFIRMED.
PER CURIAM.
We granted rehearing in order to reconsider our opinion in the light of Zauderer v. Office of Disciplinary Counsel, — U.S. -, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). Both parties have presented cogent arguments in support of their positions as to the constitutionality vel non of the adjudications. However, we have concluded that these matters are not properly before us because they were not properly raised before the Board.
The transcript of the proceedings before the Board consists of less than fourteen pages. The proceedings commenced with an introductory statement by the Board’s chairman in which he summarized the charges against appellant and recognized his attorney (not the same attorney who now represents appellant). The following colloquy ensued:
“MS. FONTAINE:
The four counts that were lodged against Dr. Jones, insofar as he used language of “Nitrous Sedation.” He used the language “The Best in Care,” which I would like to state for the record that it was really “The Best in Gentle, Affordable Care.” I will get into that— it was a description more than anything. That he used “Ten Percent Discount” type of language and before-and-after testimonial type of advertisement. Upon studying the statute as written, even though we feel that most of it or some of it may still be unconstitutional, insofar as that is the statute, we have to say that he is against the statute as far as the Nitrous Sedation. He was against the statute as far the the testimonials. The ten percent discount, I have asked your counsel as to the way you all read discounts and coupons and that type of advertisement and he states that it’s still considered by you all as advertising some type of free dental care. In that case, if that’s your ruling, which I ask that you all rule on it — if that’s your ruling, then he is, in fact, against the statute. As far as the “best” type of language, like I said, he wrote the ad himself and “The Best in Gentle, Affordable Dental Care.” He did not mean to imply that he was the best. What he was trying to imply was that he was not trying to do a mediocre job; he was doing his best in that type of care and we’re asking for the board to reflect upon the circumstances that he’s not trained in writing ads, that his motive and his intent was not to say that he was better than anybody else but simply that he did the best that he could in affordable, gentle type of care. And that’s about it.
Same type of ad — “The Best in Care and Affordability.” It’s not like he’s better than anybody else. He just does his best. We would like a ruling today and that is how we stand. Any questions?
MR. WOOTEN:
Ms. Fontaine, I believe you stated that Dr. Jones was against the statute.
MS. FONTAINE:
Well, my personal feelings upon studying it — we are not saying that we agree that the statute is constitutional. We are simply saying that what we’ve done is against the statute.
MR. WOOTEN:
You mean, in violation of the statute?
MS. FONTAINE:
In violation of the statute. Whether or not that’s correct has nothing to do with it. It’s simply the fact that I would like it on the record that we are not agreeing with the statute; we are simply saying that we have obviously broken some of the rules as per the way the statute stands.
MR. WOOTEN:
In other words, your client is making a plea today?
MS. FONTAINE:
Yes.
MR. WOOTEN:
*144 The plea is what?
MS. FONTAINE:
We are guilty against the standing statute.”
Next, counsel stated that the ad regarding the discount was not intended as a violation and she asked the board for a clarification of their position on this point. The board responded with some discussion to the effect that the discount ad was a technical violation of rules or statutes prohibiting the advertisement of free dental care. Thereafter, the following colloquy ensued:
“DR. LLOYD:
Then your plea on all these counts, then, is guilty?
MS. FONTAINE:
Guilty with, or course, like I said, not with the intent to really go against the statute especially in these two different areas. However, this is the way the Board views it then obviously we’ve gone against the Board’s interpretation of the sentence. What else can I say?
DR. LLOYD:
Would you like a ruling on that today? MS. FONTAINE:
Yes, please.
DR. LLOYD:
If we can have about a five minute recess to discuss that.
(Recess.)
DR. LLOYD:
Calling the meeting back to order, Mr. Miller, did you want to make a statement?
MR. MILLER:
One thing that I recall that I forgot to say which I believe, Ms. Fontaine, is correct, is that in connection with this matter, you have advised that Dr. Jones would change his ads to conform and that he will write the letter to the phone company and ask them to take out the part that the Board—
MS. FONTAINE:
As quickly as we can. We’re going to try to conform to the statute and that’s why we are here and that’s why we are asking for a ruling.
MR. MILLER:
I just wanted that to be also part of the record.
DR. LLOYD:
The Board has concluded its deliberations concerning the disposition of this case and we find that Dr. Jones should be fined $500.00 per count, four counts, equaling $2,000.00, plus the cost of $250.00 plus a public reprimand. The public reprimand is simply in our records. Also, a newsletter that we send out to all dentists on who has been found guilty in hearings. Is there anything else the Board would like to add to this or comment on? No other comments. That’s our findings in the case. Thank you.
MS. FONTAINE:
Who do we make arrangements with to pay?
MR. WOOTEN:
We can get together after and I’ll explain all that to you.
MS. FONTAINE:
We thank the Board’s indulgence for the hearing.
DR. LLOYD:
Thank you, and the hearing’s adjourned.”
In this court one of appellant’s principal arguments is that the Board failed to carry its burden, as required by the Zauderer case, to prove that appellant’s advertisements were misleading or that it (the Board) had a substantial state interest which justifies its rules. As a consequence appellant would have us reverse the adjudication and dismiss the charges against appellant.
The above excerpts from and summary of the record show that appellant did not properly raise the issues of unconstitutionality before the Board. His counsel vaguely mentioned the idea but clearly waived this objection in the final analysis, pled guilty to the charges, and even indicated a willingness to pay the fine at the conclusion of the hearing. Under these circumstances appellant cannot for the first time raise constitutional issues in court and seek to have the charges dismissed without even *145 affording the Board an opportunity to prove what he contends was the Board’s burden.
The present proceeding is an adjudication proceeding and was filed in the district court pursuant to LSA-R.S. 49:964. Although R.S. 49:963 relating to declaratory relief with respect to the validity of a rule of an administrative body is not directly applicable to the instant case, this statute provides that an action for such a declaratory judgment may not be brought in court unless the plaintiff first requests a ruling from the administrative body with respect to the rule. We hold that the same rule applies in the instant case and since appellant waived the issues of unconstitutionality at the Board hearing they are not properly before us.
We are aware of the statement in our original opinion that plaintiff, while admitting at the Board hearing that he violated that statute, claimed that the regulations were unconstitutional. To the extent that this statement is in conflict with the present opinion and for the reasons stated herein our original opinion is amended but is reinstated in all other respects.
ORIGINAL OPINION AMENDED AND REINSTATED.